UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

ECKERT SEAMANS CHERIN &
MELLOT, LLC
2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404
Princeton, NJ 08543
Attorneys for Defendants, Callaghan
Thompson & Thompson, PA and William A.
Thompson, III, Esq.
Jason S. Feinstein, Esq.
(jfeinstein@eckertseamans.com)

| | |
|---|---|
| In re:<br><br>FRANCES HAQUE<br><br><br><br>          Debtor. | Case No.: 13-36691-ABA<br><br>Jointly Administered<br><br>Chapter 7 |
| FRANCES HAQUE<br><br>          Plaintiff,<br><br>v.<br><br>SKYLINE CONDOMINIUM<br>ASSOCIATION,<br>THOMPSON REALTY COMPANY,<br>CALLAGHAN THOMPSON &<br>THOMPSON, PA and WILLIAM A.<br>THOMPSON, III, ESQUIRE<br><br>          Defendants. | Adv. Pro No. 17-01117-ABA |

## ANSWER TO COMPLAINT WITH SEPARATE DEFENSES

Defendants, Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq.

(collectively, "defendants"), answer the complaint of plaintiff, Frances Haque ("plaintiff"), as

follows:

{R0395300.1}

## AS TO THE PARTIES

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2.      Defendants admit the allegations contained in paragraph 2.

3.      Defendants deny the allegations contained in paragraph 3.

4.      Defendants admit that the Callaghan Thompson & Thompson, PA is a law firm operating at the address stated.  Except as so stated, denied.

5.      Defendants admit that William A. Thompson, III, Esq. is an attorney operating at the address stated.  Except as so stated, denied.

## AS TO JURISDICTION AND VENUE

6.      This paragraph sets forth a legal conclusion as to which no response is required.

7.      This paragraph sets forth a legal conclusion as to which no response is required.

8.      This paragraph sets forth a legal conclusion as to which no response is required.

## AS TO FACTS

9.      Paragraph 9 refers to a writing the terms of which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

10.     Paragraph 10 refers to a writing the terms of which speak for themselves. Defendants deny plaintiff's characterization of this writing.  By way of further response, Schedule D attached to plaintiff's complaint does not identify Mr. Thompson as counsel for Skyline.

11.     Paragraph 11 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

12.     Paragraph 12 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

{R0395300.1}

13.     Paragraph 13 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

14.     Paragraph 14 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

15.     Paragraph 15 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

16.     Paragraph 16 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

17.     Paragraph 17 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

18.     Paragraph 18 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

19.     Paragraph 19 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

## AS TO THE SECOND ACTION

20.     Paragraph 20 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

21.     Paragraph 21 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

22.     Paragraph 22 refers to a writing the terms which speak for themselves.  Defendants

deny plaintiff's characterization of this writing.

23.     Paragraph 23 alleges legal conclusions as to which no response is required.  To the

extent that facts are deemed to be alleged or a response is deemed to be required, then any alleged

wrongdoing on the part of defendants is denied.

{R0395300.1}

24.     Paragraph 24 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

## AS TO COUNT ONE

25.     Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

26.     This paragraph sets forth a legal conclusion as to which no response is required.

27.     This paragraph sets forth a legal conclusion as to which no response is required.

28.     The allegations contained in this paragraph are directed to parties other than defendants.

29.     The allegations contained in this paragraph are directed to parties other than defendants.

30.     This paragraph sets forth a legal conclusion as to which no response is required.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other and further relief as the Court deems just and proper.

## AS TO COUNT TWO

31.     Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

32.     Paragraph 32 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.  Upon information and belief, Skyline was aware of plaintiff's bankruptcy.

{R0395300.1}

33.    Paragraph 33 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing. Upon information and belief, Thompson Realty was aware of plaintiff's bankruptcy.

34.    Paragraph 34 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing. Upon information and belief, defendants were aware of plaintiff's bankruptcy at some point in time.

35.    To the extent the allegations contained in paragraph 35 are directed to defendants, admitted.

36.    This paragraph sets forth a legal conclusion as to which no response is required.

37.    Defendants deny the allegations contained in paragraph 37.

38.    Defendants deny the allegations contained in paragraph 38.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other and further relief as the Court deems just and proper.

## AS TO COUNT THREE

39.    Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

40.    This paragraph sets forth a legal conclusion as to which no response is required.

41.    This paragraph sets forth a legal conclusion as to which no response is required.

42.    This paragraph sets forth a legal conclusion as to which no response is required.

43.    The allegations contained in this paragraph are directed to parties other than defendants.

44.    Defendants deny the allegations contained in paragraph 44.

{R0395300.1}

45.     Defendants deny the allegations contained in paragraph 45.

46.     To the extent the allegations contained in paragraph 46 are directed to defendants,

denied.

47.     To the extent the allegations contained in paragraph 47 are directed to defendants,

denied.

48.     To the extent the allegations contained in paragraph 48 are directed to defendants,

denied.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A.

Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and

awarding attorneys' fees and costs incurred in defending against the complaint, together with such

other and further relief as the Court deems just and proper.

## SEPARATE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against defendants.

### SECOND DEFENSE

Plaintiff's damages, if any, are the result of Plaintiff's own actions or inactions.

### THIRD DEFENSE

Plaintiff's claims may be barred or her damages may be reduced under the doctrines of

contributory negligence and/or comparative negligence, pursuant to N.J.S.A. 2A:15-5.1, et seq.

{R0395300.1}

### FOURTH DEFENSE

Plaintiff's claims may be barred or her alleged damages may be reduced to the extent Plaintiff failed to mitigate damages or by the doctrine of avoidable consequences.

### FIFTH DEFENSE

Plaintiff's damages, if any, were caused by or were the result of the actions or inactions of other parties over whom defendants had no control or right of control.

### SIXTH DEFENSE

Plaintiff's damages, if any, may have been proximately caused by the independent, superseding and intervening acts of parties and entities other than defendants.

### SEVENTH DEFENSE

Plaintiff suffered no loss or damage by reason of any alleged actions or omissions of defendants.

### EIGHTH DEFENSE

Plaintiff's claims against defendants may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, set-off and/or recoupment.

### NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the entire controversy doctrine.

### TENTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### ELEVENTH DEFENSE

If defendants violated the FDCPA, which defendants deny, pursuant to U.S.C. §1692k(c), such violation was unintentional and was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

{R0395300.1}

## TWELFTH DEFENSE

Defendants' alleged acts or omissions do not constitute abusive, deceptive or unfair

practices.

## THIRTEENTH DEFENSE

Defendants did not use any false, misleading or deceptive representations to attempt to

collect the amount due.

## FOURTEENTH DEFENSE

Defendants did not use any unfair or unconscionable means to attempt to collect the amount

due.

## FIFTEENTH DEFENSE

Defendants reserve the right to add additional separate defenses as discovery progresses.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the matter in controversy in the foregoing action is not the subject of

any other action pending in court or of any pending arbitration or administrative proceeding.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendants, Callaghan
Thompson & Thompason, PA and William
A. Thompson, III, Esq.

DATED:  March 13, 2017                         By:  ___/s/ Jason S. Feinstein_____
                                                        JASON S. FEINSTEIN

{R0395300.1}