# EXHIBIT "A"

B6D (Official Form 6D) (12/07)

IN RE Haque, Frances R.             Case No. _____
                 Debtor(s)                                          (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9112xxxx<br><br>Bank of America<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | | | First Mortgage<br><br><br><br>VALUE $ 67,000.00 | | | | 51,000.00 | |
| ACCOUNT NO.<br><br>Skyline Condominium Association<br>C/O Thompson Realty<br>1613 Atlantic Avenue<br>Atlantic City, NJ 08401 | | | Condo Fees<br><br><br><br>VALUE $ 67,000.00 | | | | 16,000.00 | |
| ACCOUNT NO.<br><br> | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br><br>VALUE $ | | | | | |

_____0_____ continuation sheets attached

Subtotal
(Total of this page)    $ 67,000.00    $

Total
(Use only on last page)    $ 67,000.00    $

(Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

## United States Bankruptcy Court
### District of New Jersey

| IN RE: | Case No. _____ |
|---|---|
| Haque, Frances R. | Chapter 7 _____ |
| Debtor(s) | |

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

Property No. 1

| Creditor's Name:<br>Bank of America | Describe Property Securing Debt:<br>700 N. Franklin Blvd. Unit 1203, Pleasantville, NJ 08232 |
|---|---|

Property will be *(check one)*:
- [✓] Surrendered  [ ] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [ ] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt  [✓] Not claimed as exempt

Property No. 2 (if necessary)

| Creditor's Name:<br>Skyline Condominium Association | Describe Property Securing Debt:<br>700 N. Franklin Blvd. Unit 1203, Pleasantville, NJ 08232 |
|---|---|

Property will be *(check one)*:
- [✓] Surrendered  [ ] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [ ] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt  [✓] Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

Property No. 1

| Lessor's Name: | Describe Leased Property: | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>[ ] Yes [ ] No |
|---|---|---|

Property No. 2 (if necessary)

| Lessor's Name: | Describe Leased Property: | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>[ ] Yes [ ] No |
|---|---|---|

_____ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

| Date: _____December 6, 2013_____ | /s/ Frances R. Haque |
|---|---|
| | Signature of Debtor |
| | |
| | Signature of Joint Debtor |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT "B"

7 904.49

RECEIVED/FILED

2014 JUN 27 PH 1: 37

SUPERIOR COURT OF NJ

**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2**

Plaintiff or Plaintiff's Attorney Information:
Name: William A. Thompson, III
Attorney Id No.: 027851985
Address:  2428 Atlantic Avenue
  Atlantic City, NJ 08401
Phone: (609) 348-5300

| | | |
|---|---|---|
| Demand Amount: | $ | 9,904.49 |
| Filing Fee: | $ | 50.00 |
| Service Fee: | $ | 7.00 |
| Attorney's Fees: | $ | 213.09 |
| TOTAL: | $ | 10,174.58 |

Skyline Condominium Association

                                                      Plaintiff(s)

                        versus

Frances R. Haque

                                                      Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
ATLANTIC COUNTY
Address: 1201 Bacharach Boulevard, Atlantic City,
NJ 08401
Phone: (609) 343-2355
DOCKET NO.: **DC**      DC-004115-14
         (to be provided by the court)

CIVIL ACTION

# Summons

(Circle One): Contract or Tort

Defendant(s) Information:
Name: Frances R. Haque
Address: 700 N Franklin Boulevard, Unit 1203, Pleasantville, NJ 08232
Phone:

Date Served   07/03/2014

**RETURN OF SERVICE** (For Court Use Only)

| | |
|---|---|
| CRT | SCP    DATE 2 7 2014 |
| DOC | DC    AMT 57- |
| CLK | AC    BATCH 354 |
| CC | (CK)  CA  MO |
| NUMBER | 8615 |

## RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____

Date: _____ Time: _____ WM_____ WF_____ BM_____ BF_____ OTHER_____

HT_____ WT_____ AGE_____ HAIR_____ MUSTACHE_____ BEARD_____ GLASSES_____

NAME: _____ RELATIONSHIP: _____

Description of Premises: _____

_____

I hereby certify the above to be true and accurate:

                                        _____

                                        Special Civil Part Officer

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: June 17, 2014 _____          _____

William A. Thompson, III

*Attorney(s) for Plaintiff(s)*

451 - Complaint -- (On Contract) -- (4 Counts)
Special Civil Part
Rev. 9/09    P10/13

Powered by
HOTdocs

©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 2

# THE SUPERIOR COURT OF NEW JERSEY
## Law Division, Special Civil Part

### SUMMONS

### YOU ARE BEING SUED!

IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $15 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done within 35 days (including weekends) from the date you were "served" (sent the complaint). That date is noted on the next page.

### AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35-day period for filing an answer unless a written agreement is reached and filed with the court.

### AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at 609-348-4208. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at 609-345-3444.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

Revised 9/2002

Teresa Ungaro
Clerk of the Special Civil Part

FILED Jun 27, 2014

/ 3 -

RECEIVED/FILED

2014 JUN 27 PM 1:37

SUPERIOR COURT OF NJ

Attorney(s):
Attorney Id No.:
Law Firm:
Address:

William A. Thompson, III
027851985
Callaghan Thompson & Thompson
2428 Atlantic Avenue
Atlantic City, NJ 08401

Telephone No.:        (609) 348-5300
Fax No.:              (609) 345-5989
E-mail:               watiii@prodigy.net
Attorney(s) for Plaintiff(s): Skyline Condominium Association

Skyline Condominium Association

                                    Plaintiff(s)

                    vs.

Frances R. Haque

                                    Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
ATLANTIC COUNTY

Address:  1201 Bacharach Boulevard,
Atlantic City, NJ 08401
Telephone No.: (609) 345-6700
DOCKET NO.: DC    DC-004115-14

CIVIL ACTION

𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙

(On Contract)

Plaintiff(s) Skyline Condominium Association

residing at 700 N. Franklin Boulevard, Pleasantville, NJ 08232                    say(s):

FIRST COUNT: There is due from the defendant(s) the sum of $ 9,904.49 _____, on a certain book account, a true copy of which is annexed hereto. Payment has been demanded and has not been made.

SECOND COUNT: The plaintiff(s) sue(s) the defendant(s) for goods sold and delivered and/or services rendered by the plaintiff(s) to the defendant(s), upon the promise by the defendant(s) to pay the agreed amount as set forth in Schedule _____A_____ annexed hereto. Payment has been demanded and has not been made.

THIRD COUNT: The plaintiff(s) sue(s) the defendant(s) for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff(s) to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for the same, as set forth in Schedule _____A_____ annexed hereto. Payment has been demanded and has not been made.

FOURTH COUNT: The defendant(s), being indebted to the plaintiff(s) in the sum of $ 9,904.49 _____ upon an account stated between them, did promise to pay to the plaintiff(s) said sum upon demand. Payment has been demanded and has not been made.

Judgment is demanded for $ 9,904.49 _____together with lawful interest and costs of the suit.

451 – Complaint – (On Contract) – (4 Counts)
Special Civil Part
Rev. 9/09   P10/13



©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510            Page 1

**SCHEDULE A**
**STATEMENT OF ACCOUNT**

SKYLINE CONDOMINIUM ASSOCIATION
FRANCES R. HAQUE
UNIT 1203

| | |
|---|---|
| October, 2009 Fee Balance | $   125.92 |
| Condominium Fees – November, 2009<br>   Through April, 2010 | $  900.00 |
| Late Fees – Same Period | $  105.00 |
| March, 2012 Fee Balance | $   85.00 |
| Condominium Fees – April, 2012<br>   Through March, 2014 | $4440.00 |
| Late Fees – Same Period | $  375.00 |
| Prior Attorney's Fees | $1263.57 |
| Accelerated Fees Balance – 2014 | $1110.00 |
| Attorney Fee per Master Deed | $1500.00 |

**Total Due:**                                              **$9904.49**

# EXHIBIT "C"

# SUBRANNI ZAUBER LLC

Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(856) 985-3086

| | | |
|---|---|---|
| Thomas J. Subranni*† | Atlantic City Office: | Delaware Office: |
| Scott M. Zauber | 1624 Pacific Avenue | Towne Center Building |
| John P. Leon* | Atlantic City, NJ 08401 | 4 East Eighth Street, Suite 302 |
| Jennifer A. Trofa** | (609) 347-7000 | Wilmington, DE 19801 |
| William P. Rubley* | Fax: (609) 345-4545 | 1-800-391-5706 |
| Robert L. Baker, Jr.° | | |
| Jeanie D. Wiesner | *PLEASE RESPOND TO THE MARLTON OFFICE* | *Members of NJ and PA Bar |
| Michael P. Morrow° | | °Member of NJ and NY Bar |
| | | ◊ Member of DE and PA Bar |
| _____ | | ** Member of NJ and IL Bar |
| Margaret A. Holland* - Of Counsel | | †LL.M. in Taxation |
| Randal Cowles ◊ - Of Counsel | | |

July 18, 2014

**By Facsimile ((609) 345-5989) and**
**First Class Mail**
William A. Thompson, III, Esquire
Callaghan Thompson & Thompson, P.A.
2428 Atlantic Avenue
Atlantic City, NJ 08401

> RE:    In re Frances R. Haque,
> Case No.:  13-36691-JHW
> Skyline Condominium Association v. Frances R. Haque
> Docket No.:  DC-004115-14

Dear Mr. Thompson:

This office represents Frances R. Haque in the above entitled matters. This notice is being sent pursuant to R. 1:4-8 and Toll Brothers, Inc. v. Township of West Windsor, 190 N.J. 61 (2007). I am in receipt of your Summons and Complaint filed in the Superior Court of New Jersey, Special Civil Part, Atlantic County seeking a judgment against Mrs. Haque for condominium association dues. Be advised that the Complaint is frivolous as it is without basis in law or fact and clearly was filed for an improper purpose.

By way of brief factual background, Mrs. Haque filed for protection under the United States Bankruptcy Code on December 6, 2013. In her bankruptcy petition, Mrs. Haque specifically listed Skyline Condominium Association and Thompson Realty in Schedule D as creditors holding secured claims, and your firm, Callaghan, Thompson & Thompson, P.A., as counsel for Skyline Condominium Association, in Schedule F. Mrs. Haque identified the claim of Skyline Condominium Association as past due condominium dues.

In your Schedule A, attached to your Complaint, you identified a number of fees and dues that were incurred prior to December 6, 2013. As a result, those fees constitute pre-petition claims and Mrs. Haque's personal liability for those fees and dues were discharged upon the entry of the discharge order on March 14, 2014. See 11 U.S.C.A. § 523; see also In re Hawk, 314 B.R. 312, 316 (Bankr. D.N.J. 2004); In re Moreno, 479 B.R. 553, 565 (Bankr. E.D. Cal. 2012).

11 U.S.C. §523 specifically provides:

William A. Thompson, III, Esquire
In re Frances R. Haque,
Case No.: 13-36691-JHW
Skyline Condominium Association v. Frances R. Haque
Docket No.: DC-004115-14
July 18, 2014
P a g e | 2

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> - - -
>
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, <u>but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case;</u>

11 U.S.C.A. § 523 (emphasis added).

Furthermore, in your Complaint, you claim condominium dues from January, 2014 through March, 2014 (post-petition dues). However, as evinced by the attached, Mrs. Haque did, in-fact, pay all condominium dues and late fees for the period of January through July of 2014. The attached receipts of payment are from your client's property management company, and unequivocally show that Mrs. Haque is not delinquent in her post-petition obligations to Skyline Condominium Association.

The Complaint is severely deficient and must be withdrawn. It is frivolous and was clearly filed for an improper purpose; namely to collect on a debt that was discharged in Mrs. Haque's bankruptcy matter, or were actually paid. Therefore the Complaint lacks any reasonable basis in law or fact and must be dismissed. Be advised that an application for sanctions will be made if the offending Complaint is not withdrawn within twenty-eight (28) days of service of this written demand. However if the deadline to respond to the Complaint precedes the expiration of the 28-day period, you must either consent to an adjournment of the due date or you will be deemed to have waived the 28-day safe harbor period.

Nothing in this letter shall be construed as a waiver or release of any claim that Mrs. Haque may have in Bankruptcy Court for violations of the discharge order, or any other claim arising out of your improper attempts to collect on the discharged debt.

Sincerely,

William P. Rubley
wrubley@subranni.com
ENCL
WPR:mys


cc:    Frances Haque





**THOMPSON REALTY CO.**
1613 ATLANTIC AVE.   P.O. BOX 57
ATLANTIC CITY, NEW JERSEY 08404
(609) 348-3188

36059

DATE _4/17/14_

RECEIVED FROM _Frances Hague_                     $ _200—_

FOR _Skyline 1203 for April_                          DOLLARS

| AMOUNT OF ACCOUNT | | | ☐ CASH |
|---|---|---|---|
| THIS PAYMENT | | | ☐ CHECK |
| BALANCE DUE | | | ☑ M.O. |

Thank You

BY _D. Thmp_

---

**THOMPSON REALTY CO.**
1613 ATLANTIC AVE.   P.O. BOX 57
ATLANTIC CITY, NEW JERSEY 08404
(609) 348-3188

36186

DATE _5/15/14_

RECEIVED FROM _Francis Hague_                     $ _200—_

FOR _Skyline #1203 for May_                          DOLLARS

| AMOUNT OF ACCOUNT | | | ☐ CASH |
|---|---|---|---|
| THIS PAYMENT | | | ☐ CHECK |
| BALANCE DUE | | | ☑ M.O. |

Thank You

BY _____

---

**THOMPSON REALTY CO.**
1613 ATLANTIC AVE.   P.O. BOX 57
ATLANTIC CITY, NEW JERSEY 08404
(609) 348-3188

36727

DATE _6/27/14_

RECEIVED FROM _Francis Hagues_                     $ _200—_

FOR _Skyline #1203 for June + U_                     DOLLARS

| AMOUNT OF ACCOUNT | | | ☐ CASH |
|---|---|---|---|
| THIS PAYMENT | | | ☐ CHECK |
| BALANCE DUE | | | ☑ M.O. |

Thank You

BY _____



# EXHIBIT "D"

AUG/15/2014/FRI 02:25 PM                          FAX No.                                    P. 001

# CALLAGHAN THOMPSON & THOMPSON, P.A.
### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW
### 2428 ATLANTIC AVENUE
### ATLANTIC CITY, NEW JERSEY 08401-6326
### (609) 348-5300
### FACSIMILE (609) 345-5989

BRIAN J. CALLAGHAN

EDWARD M. THOMPSON
WILLIAM A. THOMPSON, III

August 14, 2014

William P. Rubley
Subranni Zauber LLC
750 Route 73 South, Suite 307 B
Marlton, NJ 08053

Re: Skyline v. Haque
Docket No. DC 004115-14

Dear Mr. Rubley:

Attached is a letter I dictated to you before receipt of your motion to dismiss. I suggest you review it carefully as I will repeat here my statement in my letter that I cannot believe that an experienced bankruptcy practitioner could in good faith take such a position. I assume that you are well aware that secured debts are not discharged in bankruptcy and therefore the bankruptcy had no effect on my client's case. Would you even remotely consider a similar motion against the mortgage company for enforcement of their secured debt? I think not.

Because of the short time frames in Special Civil I demand that you fax me a withdrawal of your motion by no later than Monday, August 18, 2014. If I do not receive such a withdrawal I will not only file opposition to the motion but will seek sanctions for this clearly frivolous filing. I am trusting that this was a simple lapse on your part and that the motion will be withdrawn immediately. Thank you for your attention.

Very Truly Yours,

William A. Thompson, III

WAT/wp

# EXHIBIT "E"

AUG/15/2014/FRI 02:26 PM                    FAX No.                          P. 002

# CALLAGHAN THOMPSON & THOMPSON, P.A.

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
2428 ATLANTIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
(609) 348-5300
FACSIMILE (609) 345-5989

BRIAN J. CALLAGHAN
EDWARD M. THOMPSON
WILLIAM A. THOMPSON, III

August 15, 2014

William Rubley, Esq.
Subranni, Zauber, LLC
750 Route 73 South
Suite 703B
Marlton, NJ 08053

**Reference:**    **Skyline v. Haque**
              **Docket No. DC 004115-14**

Dear Mr. Rubley:

I apologize for my delay in response, but frankly your letter has me
confused. You are apparently an experienced bankruptcy practitioner, but you
are somehow claiming that your client's Chapter 7 bankruptcy has discharged
secured debt owed to my client. You yourself noted in your letter of July 18
that Skyline Condominium Association was listed in Schedule D as a secured
creditor. In further support of that position, I enclose a copy of the notice of
proposed abandonment from the trustee which lists Skyline Condominium as a
secured creditor against the condominium unit in the amount of $16,000.00.
Although the secured debt was overstated, it is clear that the debt of Skyline
Condominium Association, in accordance with its governing documents, is a
secured debt and is not discharged in a Chapter 7 bankruptcy. Your reference
to 11 USCA Section 523(a)(16) is misplaced. The underlying language in your
letter indicates that membership fees <u>may</u> be discharged in a bankruptcy
proceeding, but clearly this does not refer to a secured debt. The debt in your
client's case is secured and just as the mortgage, continues to exist against the
property. My client's secured debt remains as well.

If your client is interested in resolving this matter we may be able to
discuss something other than the condominium fees in order to make an
adjustment. However, any adjustment would depend on your client's ability to
make substantial monthly payments, including the monthly condominium fee
and a large payment on these arrears. Since they have existed for nearly five
years now the Association clearly is looking to have this account cleared up.
Please get back to me with any proposal that your client may have in order to
resolve this matter.

Very truly yours,
Callaghan, Thompson & Thompson, P.A.

By: _____
            William A. Thompson, III

WAT/sgt
CC: Skyline Condominium Assoc.

EXHIBIT "F"

AUG/18/2014/MON 03:22 PM                          FAX No.                          P. 001/001

# CALLAGHAN THOMPSON & THOMPSON, P.A.

## A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW
2428 ATLANTIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401-6326
(609) 348-5300
FACSIMILE (609) 345-5989

BRIAN J CALLAGHAN

EDWARD M. THOMPSON
WILLIAM A. THOMPSON, III

August 18, 2014

William P. Rubley
Subranni Zauber

Via fax 345-4545

Re: Skyline v. Haque
Docket No. DC 004115-14

Dear Mr. Rubley:

It appears that I owe you and your client an apology. I have discussed the issue with the bankruptcy practitioner in my office and he informs me that your position is completely correct. While the lien will remain against the property we are unable to collect the debt from the unit owner directly. I am presently confirming the post petition payments with the manager and as soon as they confirm those payments I will be submitting a Stipulation of Dismissal. I am sorry that it had to reach this point.

Very Truly Yours,

Transmitted electronically

William A. Thompson, III

WAT/wp

EXHIBIT "G"

ATL-DC-004405-16   09/21/2016 12:00:00 AM   Pg 1 of 4   Trans ID: SCP2016161852

| Court's Address and Phone No.: | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| **LAW DIVISION**   Special Civil Part | LAW DIVISION, SPECIAL CIVIL PART |
| **Special Civil Part** | **ATLANTIC** COUNTY |
| **1201 Bacharach Boulevard** | Docket No: DC |
| **Atlantic City, NJ 08401** | 2016 SEP 21  PM 2: 10   CIVIL ACTION |
| | *Summons* |
| Phone No.:  **(609) 345-6700** | Check One: [X] Contract  [ ] Tort |

### YOU ARE BEING SUED!

| Person or Business Suing You (*Plaintiff*): | Person or Business Being Sued (*Defendant*): |
|---|---|
| **Skyline Condominium Association** | **Frances R. Haque** |
| **1613 Atlantic Avenue** | **700 N. Franklin Boulevard #1203** |
| **Atlantic City, NJ 08401** | **Pleasantville, NJ 08232** |
| (See the following page(s) for additional plaintiffs) | (See the following page(s) for additional defendants) |

Plaintiff's Attorney Information:

**William A. Thompson, III**
027851985
**Callaghan Thompson & Thompson**
**2428 Atlantic Avenue, Atlantic City, NJ 08401**
**(609) 348-5300**

The Person or Business Suing You Claims You Owe the Following:

| | | |
|---|---|---|
| Demand Amount | $ | 12,781.49 |
| Filing Fee | $ | 75.00 |
| Service Fee | $ | 7.00 |
| Attorney's Fees | $ | 270.63 |
| **TOTAL** | $ | 13,134.12 |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE _____, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Clerk's Offices or on the Judiciary's Internet site www.njcourts.com under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey*. Include DC _____ (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before _____.
2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before _____.

Please Note - You may wish to get an attorney to represent you. If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at  **(609) 348-4200** . If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at  **(609) 345-3444** . Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Name _____  **Teresa Ungaro**
Acting Deputy Clerk of the Superior Court

Powered by HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

FILED
SUPERIOR COURT
OF NEW JERSEY

2016 SEP 21  PM 2: 10

| | |
|---|---|
| Attorney(s): | William A. Thompson, III |
| Attorney Id No.: | 027851985 |
| Law Firm: | Callaghan Thompson & Thompson |
| Address: | 2428 Atlantic Avenue |
| | Atlantic City, NJ 08401 |
| | |
| Telephone No.: | (609) 348-5300 |
| Fax No.: | (609) 345-5989 |
| E-mail: | watiii@prodigy.net |
| Attorney(s) for Plaintiff(s): | Skyline Condominium Association |

**Skyline Condominium Association**

Plaintiff(s)

vs.

**Frances R. Haque**

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
ATLANTIC COUNTY

Address:  **1201 Bacharach Boulevard,**

**Atlantic City, NJ 08401**

Telephone No.:  **(609) 345-6700**

DOCKET NO.:  **DC**

CIVIL ACTION

# Complaint

(On Contract)

Plaintiff(s) **Skyline Condominium Association**

residing at **1613 Atlantic Avenue, Atlantic City, NJ 08401**                                                    say(s):

FIRST COUNT: There is due from the defendant(s) the sum of $ **12,781.49**          , on a certain book account, a true copy of which is annexed hereto. Payment has been demanded and has not been made.

SECOND COUNT: The plaintiff(s) sue(s) the defendant(s) for goods sold and delivered and/or services rendered by the plaintiff(s) to the defendant(s), upon the promise by the defendant(s) to pay the agreed amount as set forth in Schedule    **A**    annexed hereto. Payment has been demanded and has not been made.

THIRD COUNT: The plaintiff(s) sue(s) the defendant(s) for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff(s) to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for the same, as set forth in Schedule    **A**    annexed hereto.  Payment has been demanded and has not been made.

FOURTH COUNT: The defendant(s), being indebted to the plaintiff(s) in the sum of $ **12,781.49** upon an account stated between them, did promise to pay to the plaintiff(s) said sum upon demand.  Payment has been demanded and has not been made.

Judgment is demanded for $ **12,781.49**          together with lawful interest and costs of the suit.

451 - Complaint – (On Contract) – (4 Counts)
Special Civil Part
Rev. 9/09   P10/13

Powered by
HOTdocs

©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE LEGAL International, Inc.
www.aslegal.com   800.222.0510         Page 1

# CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: **September 1, 2016**

**William A. Thompson, III**

*Attorney(s) for Plaintiff(s)*







©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510        Page 2

ATL-DC-004405-16    09/21/2016 12:00:00 AM    Pg 4 of 4    Trans ID: SCP2016161852

### SCHEDULE A
### STATEMENT OF ACCOUNT

SKYLINE CONDOMINIUM ASSOCIATION
FRANCES R. HAQUE
UNIT 1203

| | |
|---|---|
| Previous Balance | $ 7,324.49 |
| Condominium Fees – August, 2015 Through September, 2016 | $ 2,590.00 |
| Late Fees - same period | $   210.00 |
| Lien Filing & Discharge | $   127.00 |
| Attorney fee per Master Deed | $ 2,530.00 |
| **Total Due** | **$12,781.49** |

# EXHIBIT "H"

Attorney(s):  **William A. Thompson, III**
Attorney Id No.: **027851985**
Law Firm:  **Callaghan Thompson & Thompson**
Address:  **2428 Atlantic Avenue**
**Atlantic City, NJ 08401**

Telephone No.:  **(609) 348-5300**
Fax No.:  **(609) 345-5989**
E-mail:  **watiii@prodigy.net**
Attorney(s) for: **Skyline Condominium Association, Plaintiff**

| | |
|---|---|
| **Skyline Condominium Association** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION, SPECIAL CIVIL PART |
| Plaintiff(s) | **ATLANTIC** COUNTY |
| vs. | DOCKET NO.: **DC 004405-16** |
| **Frances R. Haque** | CIVIL ACTION |
| | **Notice of Motion** |
| Defendant(s) | **Summary Judgment** |

To:  William P. Rubley, Attorney for Defendant

TAKE NOTICE that the undersigned will apply to the above-named Court, located at **1201 Bacharach Boulevard, Atlantic City, NJ 08401**

for an Order to **to enter judgment in favor of plaintiff and against defendant**

a proposed form of which is annexed upon the following grounds: **Condominium fees are due and owing.**
**Plaintiff will rely on the attached certification.**

The order sought will be entered in the discretion of the court, unless you notify the clerk of the court and the attorney for the moving party or the pro se party in writing that you object to the entry of the order. Such notification shall be given within ten days after the service of the motion.

NOTICE. IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING. Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral arguments, you will be notified of the time, date and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if they are not represented by an attorney.

4076 - Notice of Motion – Special Civil Part
Motion for Summary Judgment - R. 6:3-3(e)(4)
Rev. 7/28/04  P10/13

Powered by 

©2004 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510  Page 1

We are asking the court to make a final decision against you without a trial or an opportunity for you to present your case to a judge. We are requesting that a decision be entered against you because we say that the important facts are not in dispute and the law entitles us to a judgment. If you object to the motion, you must file a written response stating what facts are disputed and why a decision should not be entered against you.

☐ Oral arguments are specifically requested pursuant to R. 6:3-3(c)(1).

☒ I do not demand oral argument and will rely on the papers submitted.

Date: _12/14/16_ _____    _____

                                    **William A. Thompson, III, Atty for Plaintiff**

4076 - Notice of Motion – Special Civil Part
Motion for Summary Judgment - R. 6:3-3(c)(4)
Rev. 7/28/04   P10/13

Powered by
HOTdocs

©2004 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510    Page 2

**Attorney:** Callaghan Thompson & Thompson
**Office Address:** 2428 Atlantic Avenue, Atlantic City, NJ 08401
**Attorney for Plaintiff**   (609)348-5300

| | | |
|---|---|---|
| Skyline Condominium<br>Association, Plaintiff<br>vs.<br><br>Frances R. Haque,<br>Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>ATLANTIC COUNTY<br>SPECIAL CIVIL PART-CIVIL<br><br>DOCKET NO. DC 004405-16<br><br>CIVIL ACTION<br>BRIEF |

     Plaintiff is a validly formed and existing condominium association in accordance with NJSA 46: 8B-1, et seq. The attached certification shows that outstanding common expenses attributable to defendant's unit are due and owing. In accordance with NJSA 46: 8B-17, defendant is "conclusively presumed to have agreed to pay his proportionate share of common expenses accruing while he is the owner of a unit." Defendant has failed to overcome this presumption. Defendant does not dispute that the fees are due and has filed an answer that simply states "Denied" to all of the allegations without further detail. The manager has supplied a certification of proof confirming that the amount of fees shown in the complaint is correct and due and owing.

     The Appellate Division has confirmed that the obligation to pay condominium fees cannot be offset. "A unit owner's obligation to pay common expenses is unconditional." The Glen, Section I Condominium Association v. John H. June, 344 N.J. Super 371 (App. Div. 2001). The certification states that the unpaid amounts are for assessments imposed to pay the common expenses of the Association. The documents of the Association allow the Board to determine the amounts due for common expenses "The amount of monies for common expenses deemed necessary by the Board ... shall be a matter for the sole discretion of the Board." (Bylaws Article VI, Fiscal Management). This constitutes the lifeblood of the Association and has been recognized by our Courts to be critical to the effective functioning of an Association. Thus the valid imposition of common expenses together with the "unconditional" obligation to pay cited in The Glen above shows that there is no factual dispute in this matter and plaintiff is entitled to judgment for the full amount due.

     The defendant also makes reference to a bankruptcy that has been filed. Condominium fees are a secured debt under the governing documents and New Jersey law and therefore are not discharged in bankruptcy. Further the defendant is not currently in bankruptcy and has failed to pay any fees since August of 2015.

The Association had to file suit to collect the fees that are due. The By-Laws provide "In the event that the Board shall effectuate collection of said charges by resort to legal counsel, the Board may add to the aforesaid charge or charges reasonable attorneys' fees" (By-Laws Article VI, Fiscal Management). The attorney fee charge in the certification represents 25% of the total amount due, which is below the standard fee of one-third for collection cases and is certainly reasonable under the circumstances for a contingent fee. A contingent fee furthers the legislative position that small associations need the income from owners to run the condominium and in this way the attorney fees are payable directly by the offending party and are not a burden on all of the owners. We ask that the Court consider award of the full amount requested, including all attorney fees.

Respectfully Submitted

Dated: 12/16/16

William A. Thompson III
Attorney for Plaintiff

Callaghan Thompson & Thompson
2428 Atlantic Avenue
Atlantic City, N.J. 08401

(609)348-5300
Attorney for Plaintiff

|  |  |
|---|---|
| Skyline     Condominium<br>  Association,  Plaintiff | * SUPERIOR COURT OF NEW JERSEY<br>* LAW DIVISION<br>*<br>*   ATLANTIC COUNTY<br>*<br>*  DOCKET NO. DC 004405-16<br>*<br>*<br>*   CIVIL ACTION<br>*<br>*<br>*   CERTIFICATION IN SUPPORT<br>   OF SUMMARY JUDGMENT |
|      v. | |
| Frances R. Haque,<br>  Defendant | |

Dennis P. Thompson, located at 1613 Atlantic Avenue, Atlantic City, NJ does hereby certify:

1. I am the president of Thompson Realty Company, Inc., the property manager for the plaintiff in this matter. I am fully familiar with the books and records of the plaintiff and defendant.

2. Defendant owns a condominium unit at the Skyline Condominium and is governed by the Master Deed and By-Laws recorded at Deed Book 5404 at Page 21 in the Office of the Clerk of Atlantic County.

3. Pursuant to the By-Laws of the Association (copy attached) under Article VI the amount of money to be raised for common expenses is solely the function of the Board of Trustees and in fact is specifically in their "sole discretion."

4. The Board has fixed the condominium fee for the unit owned by the defendant at $185.00 per month. The defendant owes condominium fees and charges as shown in the Certification of Proof.

5. Also under Article VI, the Board has the right to impose a late charge upon any late payment. The Board has adopted a late fee of $15.00 for each late monthly payment.

6. Under the same paragraph of the By-Laws the Board has the right to hire legal counsel to collect any outstanding fees or charges. In this case the Board chose to hire the firm

2

of Callaghan Thompson & Thompson under a contingency fee agreement of 25% of the total amount due. The Board considers this charge to be reasonable and asks the Court to find the same. This fee is payable directly to counsel upon receipt of payment from the defendant.

7. The Master Deed and By-Laws provide that the unit owner is responsible for any fees and charges arising from the failure to pay condominium fees. The certification contains a charge for lien filing and discharge which is the attorney fee and recording fee for a condominium fee lien to be filed against this unit as permitted by the governing documents.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: 12 / 7 / 16

Dennis P. Thompson

| | |
|---|---|
| Attorney(s): | **William A. Thompson, III** |
| Attorney Id No.: | **027851985** |
| Law Firm: | **Callaghan Thompson & Thompson** |
| Address: | **2428 Atlantic Avenue** |
| | **Atlantic City, NJ 08401** |

Telephone No.:   **(609) 348-5300**
Fax No.:   **(609) 345-5989**
E-mail:   **watiii@prodigy.net**
Attorney(s) for Plaintiff(s): **Skyline Condominium Association**

---

**Skyline Condominium Association**

Plaintiff(s)

vs.

**Frances R. Haque**

Defendant(s)

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION

ATLANTIC COUNTY

DOCKET NO.: **DC 004405-16**

CIVIL ACTION

# Certification of Proof
# and of Non-Military Service

1. I am  **the property manager of the**              plaintiff(s), and am duly authorized to make this certification.

2. I am fully familiar with the books and business of the plaintiff(s). The account of the defendant(s) **Frances R. Haque** annexed to this certification or set forth in the complaint in this cause is a true and accurate copy of the books of original entry of the plaintiff(s).

3. The goods for which said charges were made, were sold, delivered to and accepted by the defendant(s) at the special instance and request of the defendant(s). Said charges are fair and reasonable, and are in accordance with the retainer agreement between the defendant and me, a copy of which is attached to the complaint. The said defendant(s) promised to pay the sum charged therefor.

4. Credit has been duly given for all payments, counterclaims and set-offs and there now remains due and owing from the said defendant(s) to the plaintiff(s) the sum of $ **12,781.49**              together with interest from                            , the date of breach, of $                       making a total of $  **12,781.49**                   .
The rate of interest is based on R. 4:42-11(a) (a document of obligation - copy attached).

5. No defendant named herein is a minor or mentally incapacitated person.

6. This claim is not based upon a writ of attachment, capias ad respondendum, replevin or claims based directly or indirectly upon the sale of a chattel wherein a chattel has been repossessed peaceably or by legal process.

7. I know that no defendant named herein is in the military service of the United States. The source of my knowledge is: **Not applicable. Summary judgment motion**

---

4080 - Cert. of Proof and Non-Military Service
N.J.S.A. 38:23C-4, R. 6:6-3(a)
Rev. 10/09   P10/13

Powered by
HOTdocs

©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

8. The source of the address used for service of the summons and complaint is:  **Plaintiff's files**

_____

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing
statements made by me are willfully false, I am subject to punishment.

Dated: _____ / 0 / 7 / 16 _____          _____

                                            **Dennis P. Thompson**

ALL-STATE LEGAL provides the following information for convenience and informational purposes only. The information is not part of the
Certification of Proof of Non-Military Service on the reverse side of this form. ALL-STATE LEGAL does not warrant or represent that the
information below is accurate, that contact information for individual branches of the armed services will not change from time to time, or that
the information below serves as the exclusive means of determining whether an individual is not in military service.

The statement from the Department of Defense or from each branch of the armed services that the defendant is
not in military service is available from the following source, at no charge:

**DEFENSE MANPOWER DATA CENTER**
Attn: Military Verification
1600 Wilson Boulevard Suite 400
Arlington, VA 22209-2593
Phone: (703) 696-6762
Website: https://www.dmdc.osd.mil/appj/scra/scrahome.do

Certificates from the individual branches of the armed services may be obtained from the addresses listed below.
Charges apply.

**U. S. NAVY**
Navy Personnel Command
PERS 312F
5720 Integrity Drive
Millington, TN 38055-3120
Make check payable to "U. S. Treasurer"

**U. S. AIR FORCE**
Air Force Worldwide Locator
HQ AFPC/DPDXIDL
550 C Street, West, Suite 50
Randolph AFB, TX 78150-4752
Make check payable to "DAQ-DE"

**U. S. MARINE CORPS**
Headquarters U.S. Marine Corps
Code MMSB-10
2008 Elliott Road, Suite 203
Quantico, VA 22134-5030
Please mark "Official Business" on bottom of envelope.
Make check payable to "U. S. Treasurer"

**U. S. ARMY**
Commander SRDC
U. S. Army Enlisted Records and Evaluation Center
Attn: Locator
8899 East 56th Street
Fort Benjamin Harrison, IN 46249-5031
Make check payable to "Finance Officer"

**U. S. COAST GUARD**
Coast Guard Personnel Command
2100 Second Street, S.W.
Washington, DC 20593-0001
Make check payable to "U. S. Coast Guard"

NOTE: Requests for such certificates should contain the defendant's full name, social security number, and date of birth. If the
social security number or birth date is not known, this fact should be noted. A statement of why the information is needed and a
self-addressed, stamped envelope should also be included. Unless otherwise noted above, a postal money order or a certified,
cashier's or personal check made payable to the Department of the Treasury in the amount of $5.20 for each defendant must
accompany each request.



©2009 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

### SCHEDULE A
### STATEMENT OF ACCOUNT

SKYLINE CONDOMINIUM ASSOCIATION
FRANCES R. HAQUE
UNIT 1203

| | |
|---|---|
| Previous Balance | $ 7,324.49 |
| Condominium Fees – August, 2015<br>Through September, 2016 | $ 2,590.00 |
| Late Fees - same period | $   210.00 |
| Lien Filing & Discharge | $   127.00 |
| Attorney fee per Master Deed | $ 2,530.00 |
| **Total Due** | **$12,781.49** |

Callaghan Thompson & Thompson
2428 Atlantic Avenue
Atlantic City, N.J. 08401

(609)348-5300
Attorney for Plaintiff

|  |  |
|---|---|
| Skyline    Condominium Association,  Plaintiff | * SUPERIOR COURT OF NEW JERSEY<br>* LAW DIVISION<br>*<br>*   ATLANTIC COUNTY<br>* |
| v. | * DOCKET NO. DC 004405-16<br>* |
| Frances R. Haque, Defendant | *   CIVIL ACTION<br>*<br>*<br>*   CERTIFICATION IN SUPPORT<br>    OF ATTORNEY FEE REQUEST |

William A. Thompson, III does hereby certify:

1. I am the attorney for the plaintiff in this matter.

2. The fee for this collection case as agreed to by the Association is a contingent fee of 25% of the amount collected. This is below the practice standard of 33 1/3% and is a special fee that I provide to condominium associations. The fee is the responsibility of the Unit Owner per the Association governing documents submitted in previous cases.

3. Many condominium associations cannot afford to pay an hourly fee and the use of a contingent fee assists these associations by allowing them to pursue delinquent owners without having to expend common funds. The owner is then responsible for the payment of the fee.

4. Frequently these cases result in substantial delays between the entry of judgment and the actual collection of the fee. The percentage fee amount compensates our office for having to wait for those collections. A percentage fee arrangement also ensures that the attorney fee will never be more than the outstanding condominium fees, which can present a collection problem for the Association.

5. It is unlikely that I would take these collection cases if not on a contingent fee basis. Based on all of the above I would ask the Court to find that a 25% contingent fee, payable by the Unit Owner as required by the governing documents, is a reasonable attorney fee.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: 12/14/16

William A. Thompson, III

**Attorney:** Callaghan Thompson & Thompson
**Office Address:** 2428 Atlantic Avenue, Atlantic City, NJ 08401
**Attorney for Plaintiff**   (609)348-5300

| | |
|---|---|
| Skyline Condominium<br>Association, Plaintiff<br>vs.<br><br>Frances R. Haque,<br>   Defendant | *   **SUPERIOR COURT OF NEW JERSEY**<br>*   **LAW DIVISION**<br>*<br>*   ATLANTIC **COUNTY**<br>*   **SPECIAL CIVIL PART-CIVIL**<br>*<br>*   **DOCKET NO.** DC 004405-16<br>*<br>*   **CIVIL ACTION**<br>*    **JUDGMENT** |

     THIS MATTER having been brought before the court on motion of the above-named attorney for an Order to enter Judgment in favor of the plaintiff and against the defendants and the court having considered the matter and good cause appearing

IT IS ON THIS _____ Day of December, 2016 ORDERED:

that judgment shall enter in favor of the plaintiff and against the defendant in the amount of $12,781.49.00 together with statutory attorney fees and costs of suit.

 

                    _____

                    James P. McClain, J.S.C.

\_\_\_ opposed

\_\_\_ unopposed