# EXHIBIT "I"

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

SUBRANNI ZAUBER LLC
Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(609) 347-7000; Fax: (609) 345-4545
By:    William P. Rubley, Esq.  WR4169
Attorneys for Plaintiff, Frances Haque

| | |
|---|---|
| In Re:<br><br>FRANCES HAQUE<br><br><div align="center">Debtor</div> | **Case No.: 13-36691-ABA**<br>**Chapter 7** |
| FRANCES HAQUE<br><br><div align="center">Plaintiff.</div><br>v.<br><br>SKYLINE CONDOMINIUM ASSOCIATION, THOMPSON REALTY COMPANY; CALLAGHAN THOMPSON & THOMPSON, PA and WILLIAM A THOMPSON, III, ESQUIRE<br><br><div align="center">Defendant.</div> | **Adversary No.:** |

### ADVERSARY COMPLAINT

Plaintiff, Frances Haque ("Plaintiff" or "Haque"), by and through her attorneys, Subranni

Zauber LLC, by way of complaint against Defendants, Skyline Condominium Association

("Skyline"), Thompson Realty Company ("Thompson Realty"), Callaghan Thompson &

Thompson, PA ("Callaghan") and William A. Thompson, III Esquire ("Mr. Thompson") says:

### THE PARTIES

1.    Haque is an individual domiciled in the State of New Jersey.

1

2.       Skyline is a New Jersey condominium association located at 700 N. Franklin Blvd., Pleasantville, New Jersey.

3.       Thompson Realty is a New Jersey domestic partnership located at 1613 Atlantic Avenue, Atlantic City, New Jersey.

4.       Callaghan Thompson & Thompson, PA is a New Jersey Professional Association, located at 2428 Atlantic Avenue, Atlantic City, New Jersey.  Callaghan is a law firm specializing in debt collection and bankruptcy.

5.       Mr. Thompson is a New Jersey licensed attorney with a principal place of business located at 2428 Atlantic Avenue, Atlantic City, New Jersey.  Mr. Thompson advertises himself and his law firm as bankruptcy attorneys. Upon information and belief, Mr. Thompson is a partner at Callaghan.

## JURISDICTION AND VENUE

6.       Jurisdiction is conferred on this Court pursuant to the provisions of §1334 and §157 of Title 28 of the United States Code in that this proceeding arises in and is related to the above captioned Chapter 7 case under Title 11 and concerns property of the Debtor/Plaintiff.

7.       Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

8.       The statutory predicates for the relief sought herein are §§105 and 727 of Title 11 of the Unites States Code, as amended (the "Bankruptcy Code"), 15 U.S.C.A. §§1692 et seq., and Fed. R. Bank. P. 7001 *et seq.*

## FACTS

9.       Plaintiff commenced her bankruptcy case on December 13, 2013, by filing a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code ("Petition").

2

10.    In the Petition, the Plaintiff identified Skyline as a creditor and identified Mr.

Thompson as counsel for Skyline.  See Schedule D of the Plaintiff's Petition, attached as Exhibit

A.

11.    On September March 14, 2014, this Court entered a discharge order ("Discharge

Order") releasing Plaintiff of personal liability of the debts filed in her bankruptcy case,

including any and all pre-petition condominium assessments.  A true and correct copy of the

Discharge Order is attached as Exhibit B.

12.    On March 19, 2014, this Court entered an Order discharging and relieving the

Trustee, and closing the case as a no-asset case.

13.    Subsequent to the entry of the Discharge Order, creditor, Skyline attempted to

collect on alleged debt stemming from the pre-petition condominium assessments due Skyline by

filing a complaint in the Superior Court of New Jersey, Atlantic County, bearing docket number

DC-004115-14 ("First Action").  A true and correct copy of the Complaint in the First Action is

attached as Exhibit C.

14.    Upon learning of the Skyline's Complaint against Mrs. Haque, the law firm of

Subranni Zauber, LLC, counsel for Mrs. Haque, sent Mr. Thompson a letter, dated July 11, 2014,

and followed up with a phone call, advising him that the complaint was improper.

15.    Having heard no response, Plaintiff's counsel sent a second letter to Mr.

Thompson, Esquire advising him that the claim against Mrs. Haque was frivolous as it was

without basis in law or fact and clearly was filed for an improper purpose, considering the claims

included pre-petition debt that was discharged pursuant to the bankruptcy discharge order dated

March 14, 2014.  See Mr. Rubley's July 18, 2014 letter attached as Exhibit D.

3

16.    Skyline failed to respond in a timely manner and failed to dismiss its Complaint against Mrs. Haque. So, on August 12, 2014, Plaintiff was forced to file a Motion to Dismiss Skyline's Complaint for failure to state a claim pursuant to R. 4:6-2(e) in the First Action.

17.    Finally, on August 14, 2014, Mr. Thompson sent a letter to Plaintiff's counsel informing him that he received Mrs. Haque's Motion to Dismiss. In his letter, Mr. Thompson challenged Plaintiff's basis for the Motion to Dismiss and called Plaintiff's counsel's competence in the field of bankruptcy into question. Additionally, Mr. Thompson defended the merits of Skyline's claims against Mrs. Haque. Furthermore, he demanded that Mrs. Haque withdraw her Motion to Dismiss Skyline's Complaint, otherwise he would file opposition to the Motion and seek sanctions for the "clearly frivolous filing." See Mr. Thompson's August 14, 2014 letter attached as Exhibit E.

18.    Attached to Mr. Thompson's August 14th letter was another letter addressed to Plaintiff's Counsel, wherein Mr. Thompson again criticized Plaintiff's counsel for filing the Motion to Dismiss on behalf of Mrs. Haque without a basis for doing so. Once again, Mr. Thompson reaffirmed the legitimacy of Skyline's claims against Mrs. Haque, as pled in the Complaint. See Mr. Thompson's August 15, 2014 letter attached as Exhibit F.

19.    Apparently Mt. Thompson saw the error in his ways and on August 18, 2014, Mr. Thompson sent a letter to Plaintiff's counsel apologizing for filing the frivolous Complaint against Mrs. Haque on behalf of Skyline, and advising Plaintiff's counsel that he would be submitting a Stipulation of Dismissal. See Mr. Thompson, Esquire's August 18, 2014 letter attached as Exhibit G. By Stipulation, the First Action was then dismissed.

4

## THE SECOND ACTION

20.     Inexplicably, even after having acknowledged that the pre-petition condominium assessments were discharged in the Plaintiff's Bankruptcy, Skyline, through its counsel Mr. Thompson and Callaghan, filed a second complaint in the Superior Court of New Jersey, Atlantic County bearing docket number DC-004405-16 ("Second Action") once again seeking the entry of a judgment for pre-petition condominium fees.  A true and correct copy of the complaint in the Second Action is attached as Exhibit H.

21.     The pre-petition condominium assessments are identified as "Previous Balance" on Schedule A, attached to the complaint in the Second Action.

22.     The Plaintiff was once again forced to retain counsel and file an answer to the Second Action.  Upon filing of the Answer, Skyline, Callaghan, and Mr. Thompson responded by filing a Motion for Summary Judgment ("Motion") in the Second Action.  What's remarkable about the Motion is that in the brief in support of the Motion, Mr. Thompson concludes, without any reference to any legal authority:

> The defendant also makes reference to a bankruptcy that has been filed. Condominium fees are a secured debt under the governing documents and New Jersey law, therefore are not discharged in bankruptcy.

See Exhibit I.

23.     Mr. Thompson knows this legal conclusion is incorrect and in direct contradiction to 11 U.S.C. §523, which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual Plaintiff from any debt--
> - - -
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the Plaintiff's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the Plaintiff or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing

5

in this paragraph shall except from discharge the debt of a Plaintiff for a membership
association fee or assessment for a period arising before entry of the order for relief in
a pending or subsequent bankruptcy case;

11 U.S.C.A. § 523 (emphasis added).

24.     In fact, by letter dated August 18, 2014 Mr. Thompson acknowledged that the
Plaintiff was correct and that personal liability on pre-petition condominium fees were discharged.
Notwithstanding his prior admission, in the Second Action, Mr. Thompson claims the pre-petition
condominium fees were not discharged.

<div align="center">

**COUNT ONE**
**INJUNCTIVE RELIEF, 11 U.S.C. §524**
**Skyline Condominium Association**

</div>

25.     Plaintiff repeats and realleges paragraphs one (1) through twenty four (24) as if
fully set forth at length herein.

26.     A bankruptcy discharge "operates as an injunction against the commencement or
continuation of an action, the employment of process, or an act, to collect, recover or offset any
such debt as a personal liability of the Plaintiff...." 11 U.S.C. § 524.

27.     Any and all personal liability of the Plaintiff for any pre-petition condominium
assessments were discharged pursuant to 11 U.S.C. §523.

28.     Defendant, Skyline, continues to attempt to collect on pre-petition condominium
assessments by filing multiple lawsuits in the Superior Court of New Jersey.

29.     As a result of the filing of the multiple lawsuits, Plaintiff is forced to incur
unnecessary attorneys' fees and costs responding to the lawsuits.

30.     Defendant refuses to acknowledge that the pre-petition condominium assessments
were discharged under 11 U.S.C. § 524.

WHEREFORE, Plaintiff demands Judgment against Skyline Condominium Association as follows:

     A.     For entry of an Order declaring that any and all pre-petition condominium assessments and other charges were discharged;

     B.     For entry of an Order enjoining any further lawsuits or other attempts by Skyline to hold Plaintiff personally liable for pre-petition condominium assessments and other charges;

     C.     For reasonable attorneys' fees and costs; and

     D.     For such other and further relief as the Court deems just and equitable.

## COUNT TWO
### SANCTIONS FOR VIOLATIONS OF THE DISCHARGE ORDER
### Skyline Condominium Association, Thompson Realty Co., Callaghan Thompson & Thompson, and William A. Thompson, III

31.     Plaintiff repeats and realleges paragraphs one (1) through thirty (30) as if fully set forth at length herein.

32.     Defendant, Skyline, was listed as a creditor on the Plaintiff's Petition and was aware of the pending bankruptcy.

33.     Defendant, Thompson Realty, was also aware of the Plaintiff's Petition and was aware of the pending bankruptcy.

34.     Defendants, Mr. Thompson and Callaghan, were also listed on the Petition for purposes of receiving notice and were therefore aware of the pending bankruptcy.

35.     Defendants, Skyline, Thompson Realty, Callaghan, and Mr. Thompson, were all aware that the Plaintiff received her discharge on March 4, 2014.

36.     The Discharge Order was valid.

37.    By filing the First Action and the Second Action, Defendants Skyline, Thompson

Realty, Callaghan, and Mr. Thompson deliberately disobeyed the Discharge Order.

38.    As a result of the Defendants' actions, the Plaintiff has been harmed.  The

Plaintiff has suffered from emotional distress and she has incurred unnecessary attorneys' fees

and costs defending the First Action and the Second Action.

WHEREFORE, Plaintiff demands Judgment against Skyline Condominium Association,

Thompson Realty Co., Callaghan Thompson & Thompson, PA and William A. Thompson, III

for actual damages, reasonable attorneys' fees and costs, and such other and further relief as the

Court deems just and equitable.

## COUNT THREE
### Fair Debt Collection Practices Act (15 U.S.C.A. §§1692 et seq.)
### Thompson Realty Co., Callaghan Thompson & Thompson, PA ,
### and William A. Thompson, III

39.    Plaintiff repeats and realleges paragraphs one (1) through thirty eight (38) as if

fully set forth at length herein.

40.    Plaintiff is a "consumer" as defined by 15 U.S.C.A. §1692a(3).

41.    Defendant Skyline is a "creditor" as defined by 15 U.S.C.A. §1692a(4).

42.    Condominium assessments owed by Plaintiff to Skyline are a "debt" as defined by 15

U.S.C.A. §1692a(5).

43.    Defendant Thompson Realty is a "debt collector" as defined by 15 U.S.C.A.

§1692a(6).

44.    Defendant Mr. Thompson is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

45.    Defendant, Callaghan, is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

46.    Defendants, Thompson Realty, Callaghan, and Mr. Thompson used false, deceptive

and misleading representations in connection with the collection of the debt in violation of 15

8

U.S.C.A. §1692e.

47.    Specifically, to the extent that any alleged amounts due as claimed by Thompson Realty, Callaghan, and Mr. Thompson predate the Discharge Order, then the representations as to the legal status of the debt were false or misleading.  The statements contained in the First Action and Second Action constitute "false representation of . . . the character, amount or legal status of [the] debt" §1692e(2).  Each such communication from Thompson Realty, Callaghan, and Mr. Thompson is a violation of 15 U.S.C.A. §1692e(2)(A).

48.    Thompson Realty, Callaghan, and Mr. Thompson's conduct as noted above constitute unfair and unconscionable means to collect or attempt to collect the debt.  Furthermore, the Defendants attempts to collect late fees and attorney or collection fees that are not legally or contractually owed by Plaintiff constitute further unfair and unconscionable means to collect or attempt to collect the debt.  Thompson Realty, Callaghan, and Mr. Thompson's conduct violates 15 U.S.C.A. §1692f for each and every attempt to collect the debt.

WHEREFORE, Plaintiff demand judgment against Thompson Realty Co., Callaghan Thompson & Thompson and William A. Thompson, III for actual damages in an amount to be determined at the time of trial; additional damages of up to $1,000.00 per violation of the Fair Debt Collection Practices Act as provided by 15 U.S.C.A. §1692k(a)(2)(A); reasonable attorneys' fees and costs as provided by 15 U.S.C.A. §1692k(a)(3); and such other and further relief as this Honorable Court deems equitable and just.

SUBRANNI ZAUBER LLC

Dated: January 26, 2017

/s/ William P. Rubley
William P. Rubley
wrubley@subranni.com
*Attorney for Plaintiff, Frances Haque*

9

# EXHIBIT "J"

**CALLAGHAN THOMPSON & THOMPSON, P.A.**
William A. Thompson, III
2428 Atlantic Avenue
Atlantic City, NJ  08401
(609) 348-5300
ID #027851985
Attorney for Defendant

| | |
|---|---|
| In Re:<br>FRANCES HAQUE<br><br>                           Debtor<br><br>_____<br><br>FRANCES HAQUE<br>                           Plaintiff<br>v.<br> SKYLINE CONDOMINIUM<br>ASSOCIATION, THOMPSON REALTY<br>COMPANY; CALLAGHAN, THOMPSON &<br>THOMPSON, PA and WILLIAM A.<br>THOMPSON, III, ESQUIRE<br>                           Defendant | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NO: 13-36691-ABA<br><br>ADVERSARY NO: 17-01117-ABA<br><br><br>           **ANSWER** |

        Defendants Skyline Condominium Association and Thompson Realty Company answer

and say:

    1.  Admitted.

    2.  Admitted.

    3.  Denied.  Thompson Realty Co. is a New Jersey corporation.

    4.  Does not apply to these defendants.

    5.  Does not apply to these defendants.

    6.  Neither admitted nor denied.

    7.  Neither admitted nor denied.

    8.  Neither admitted nor denied.

    9.  Admitted.

10. Denied.  Schedule D attached to Plaintiff's Complaint does not identify Mr. Thompson as counsel for Skyline.

11. Admitted that a discharge order was entered on the date listed.

12. Neither admitted nor denied.

13. Admitted that a Complaint was filed under the docket number listed by attorney William A. Thompson, III.  Denied that Skyline Condominium Association directed the debts to be included.

14. Does not apply to these defendants.

15. Does not apply to these defendants.

16. Denied as to Skyline Condominium Association. The correspondence referred to took place between counsel and not directly with Skyline.

17. Does not apply to these defendants.

18. Does not apply to these defendants.

19. Does not apply to these defendants.

20. Admitted that a Complaint was filed under the referenced docket number. Denied that Skyline directed what fees were to be included in the Complaint.

21. Neither admitted nor denied.

22. Denied on behalf of Skyline. The summary judgment motion was filed by the attorneys without the direction or input of Skyline.

23. Does not apply to these defendants.

24. Does not apply to these defendants.

25. These defendants repeat each and every allegation of the preceding paragraphs as if fully set forth herein.

26. Admitted that the statutory section reads as listed.

27. Skyline takes no position on this statement and leaves the legal conclusion to its counsel.

28. Denied. The decision on what assessments to include in the Complaint was solely the responsibility of counsel and not Skyline.

29. Denied.

30. Denied.

**WHEREFORE,** Defendant demands that Plaintiff's Complaint be dismissed as to Skyline Condominium Association, together with attorney's fees and cost of suit.

31. Defendants repeat each and every response to the foregoing paragraphs as if fully set forth herein.

32. Admitted.

33. Admitted.

34. Does not apply to these defendants.

35. Admitted.

36. Admitted.

37. Denied as to Skyline Condominium Association and Thompson Realty. Thompson Realty did not file any action at all, and Skyline Condominium did not direct what amounts to be included in the first or second action. Skyline and Thompson Realty took no actions contrary to the discharge order.

38. Denied.

**WHEREFORE,** Defendants Skyline Condominium Association and Thompson Realty Company demand that Plaintiff's Complaint be dismissed, together with attorney's fees and costs of suit.

39. Defendants repeat each and every response to the preceding paragraphs as if fully set forth herein.

40. Admitted.

41. Admitted.

42. Admitted.

43. Denied. Thompson Realty is not a debt collector. Thompson Realty is the management company in charge of the everyday operation of the condominium. Thompson

Realty is not in the business of debt collection. Thompson Realty Company is an employee of Skyline Condominium Association, the creditor, and as such is excluded from the definition of debt collector.

44. Does not apply to these defendants.

45. Does not apply to these defendants.

46. Denied as to Thompson Realty.

47. Denied as to Thompson Realty.

48. Denied as to Thompson Realty.

**WHEREFORE,** Defendant Thompson Realty Company demands that Plaintiff's Complaint be dismissed, together with attorney's fees and costs of suit.

Dated: 2/23/17

William A. Thompson, III
Attorney for Defendants Skyline
Condominium Association and
Thompson Realty Co.

# EXHIBIT "K"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

ECKERT SEAMANS CHERIN &
MELLOT, LLC
2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404
Princeton, NJ 08543
Attorneys for Defendants, Callaghan
Thompson & Thompson, PA and William A.
Thompson, III, Esq.
Jason S. Feinstein, Esq.
(jfeinstein@eckertseamans.com)

| | |
|---|---|
| In re:<br><br>FRANCES HAQUE<br><br><br>Debtor. | Case No.: 13-36691-ABA<br><br>Jointly Administered<br><br>Chapter 7 |
| FRANCES HAQUE<br><br>Plaintiff,<br><br>v.<br><br>SKYLINE CONDOMINIUM<br>ASSOCIATION,<br>THOMPSON REALTY COMPANY,<br>CALLAGHAN THOMPSON &<br>THOMPSON, PA and WILLIAM A.<br>THOMPSON, III, ESQUIRE<br><br>Defendants. | Adv. Pro No. 17-01117-ABA |

## ANSWER TO COMPLAINT WITH SEPARATE DEFENSES

Defendants, Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. (collectively, "defendants"), answer the complaint of plaintiff, Frances Haque ("plaintiff"), as follows:

{R0395300.1}

## AS TO THE PARTIES

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2.      Defendants admit the allegations contained in paragraph 2.

3.      Defendants deny the allegations contained in paragraph 3.

4.      Defendants admit that the Callaghan Thompson & Thompson, PA is a law firm operating at the address stated.  Except as so stated, denied.

5.      Defendants admit that William A. Thompson, III, Esq. is an attorney operating at the address stated.  Except as so stated, denied.

## AS TO JURISDICTION AND VENUE

6.      This paragraph sets forth a legal conclusion as to which no response is required.

7.      This paragraph sets forth a legal conclusion as to which no response is required.

8.      This paragraph sets forth a legal conclusion as to which no response is required.

## AS TO FACTS

9.      Paragraph 9 refers to a writing the terms of which speak for themselves. Defendants deny plaintiff's characterization of this writing.

10.      Paragraph 10 refers to a writing the terms of which speak for themselves. Defendants deny plaintiff's characterization of this writing.  By way of further response, Schedule D attached to plaintiff's complaint does not identify Mr. Thompson as counsel for Skyline.

11.      Paragraph 11 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing.

12.      Paragraph 12 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing.

{R0395300.1}

13.     Paragraph 13 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

14.     Paragraph 14 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

15.     Paragraph 15 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

16.     Paragraph 16 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

17.     Paragraph 17 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

18.     Paragraph 18 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

19.     Paragraph 19 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

## AS TO THE SECOND ACTION

20.     Paragraph 20 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

21.     Paragraph 21 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

22.     Paragraph 22 refers to a writing the terms which speak for themselves.  Defendants deny plaintiff's characterization of this writing.

23.     Paragraph 23 alleges legal conclusions as to which no response is required.  To the extent that facts are deemed to be alleged or a response is deemed to be required, then any alleged wrongdoing on the part of defendants is denied.

{R0395300.1}

24.    Paragraph 24 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing.

## AS TO COUNT ONE

25.    Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

26.    This paragraph sets forth a legal conclusion as to which no response is required.

27.    This paragraph sets forth a legal conclusion as to which no response is required.

28.    The allegations contained in this paragraph are directed to parties other than defendants.

29.    The allegations contained in this paragraph are directed to parties other than defendants.

30.    This paragraph sets forth a legal conclusion as to which no response is required.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other and further relief as the Court deems just and proper.

## AS TO COUNT TWO

31.    Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

32.    Paragraph 32 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing. Upon information and belief, Skyline was aware of plaintiff's bankruptcy.

{R0395300.1}

33.    Paragraph 33 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing. Upon information and belief, Thompson Realty was aware of plaintiff's bankruptcy.

34.    Paragraph 34 refers to a writing the terms which speak for themselves. Defendants deny plaintiff's characterization of this writing. Upon information and belief, defendants were aware of plaintiff's bankruptcy at some point in time.

35.    To the extent the allegations contained in paragraph 35 are directed to defendants, admitted.

36.    This paragraph sets forth a legal conclusion as to which no response is required.

37.    Defendants deny the allegations contained in paragraph 37.

38.    Defendants deny the allegations contained in paragraph 38.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other and further relief as the Court deems just and proper.

## AS TO COUNT THREE

39.    Defendants repeat and reallege their responses to the allegations of the amended complaint and incorporates the same herein as if set forth at length.

40.    This paragraph sets forth a legal conclusion as to which no response is required.

41.    This paragraph sets forth a legal conclusion as to which no response is required.

42.    This paragraph sets forth a legal conclusion as to which no response is required.

43.    The allegations contained in this paragraph are directed to parties other than defendants.

44.    Defendants deny the allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

46.     To the extent the allegations contained in paragraph 46 are directed to defendants, denied.

47.     To the extent the allegations contained in paragraph 47 are directed to defendants, denied.

48.     To the extent the allegations contained in paragraph 48 are directed to defendants, denied.

**WHEREFORE**, defendants Callaghan Thompson & Thompson, PA and William A. Thompson, III, Esq. hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other and further relief as the Court deems just and proper.

<div align="center">

**SEPARATE DEFENSES**

**FIRST DEFENSE**
</div>

The Complaint fails to state a claim upon which relief may be granted against defendants.

<div align="center">

**SECOND DEFENSE**
</div>

Plaintiff's damages, if any, are the result of Plaintiff's own actions or inactions.

<div align="center">

**THIRD DEFENSE**
</div>

Plaintiff's claims may be barred or her damages may be reduced under the doctrines of contributory negligence and/or comparative negligence, pursuant to N.J.S.A. 2A:15-5.1, et seq.

### FOURTH DEFENSE

Plaintiff's claims may be barred or her alleged damages may be reduced to the extent Plaintiff failed to mitigate damages or by the doctrine of avoidable consequences.

### FIFTH DEFENSE

Plaintiff's damages, if any, were caused by or were the result of the actions or inactions of other parties over whom defendants had no control or right of control.

### SIXTH DEFENSE

Plaintiff's damages, if any, may have been proximately caused by the independent, superseding and intervening acts of parties and entities other than defendants.

### SEVENTH DEFENSE

Plaintiff suffered no loss or damage by reason of any alleged actions or omissions of defendants.

### EIGHTH DEFENSE

Plaintiff's claims against defendants may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, set-off and/or recoupment.

### NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the entire controversy doctrine.

### TENTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### ELEVENTH DEFENSE

If defendants violated the FDCPA, which defendants deny, pursuant to U.S.C. §1692k(c), such violation was unintentional and was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

{R0395300.1}

### TWELFTH DEFENSE

Defendants' alleged acts or omissions do not constitute abusive, deceptive or unfair practices.

### THIRTEENTH DEFENSE

Defendants did not use any false, misleading or deceptive representations to attempt to collect the amount due.

### FOURTEENTH DEFENSE

Defendants did not use any unfair or unconscionable means to attempt to collect the amount due.

### FIFTEENTH DEFENSE

Defendants reserve the right to add additional separate defenses as discovery progresses.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the matter in controversy in the foregoing action is not the subject of any other action pending in court or of any pending arbitration or administrative proceeding.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendants, Callaghan Thompson & Thompason, PA and William A. Thompson, III, Esq.

DATED: March 13, 2017

By: ___/s/ Jason S. Feinstein_____
       JASON S. FEINSTEIN

# EXHIBIT "L"

## CALLAGHAN THOMPSON & THOMPSON, P.A.

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
2428 ATLANTIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
(609) 348-5300
FACSIMILE (609) 345-5989

BRIAN J. CALLAGHAN
EDWARD M. THOMPSON
WILLIAM A. THOMPSON, III

January 25, 2017

William Rubley, Esq.
Subranni, Zauber, LLC
750 Route 73 South
Suite 703B
Marlton, NJ  08053

**Reference:**      **In Re Haque**
                    **Case No. 13-36691**

Dear Mr. Rubley:

As directed by Judge Altenburg I am sending you this letter describing the alternate process to execute against real property being used by a number of condominium associations around New Jersey.  The sole purpose of this procedure is to deliver title to the property so that the association can rent it out and try to obtain some type of income until the bank finally forecloses.  It is used because, as recent newspaper articles have indicated, a full-blown foreclosure in the State of New Jersey is presently running in excess of three years.  In addition, many of these properties are already in the foreclosure process with the banks, and if the association started the same process they would complete their foreclosure after the bank had already foreclosed, and they would receive nothing.  The procedure is as follows:

1.   Obtain a State Court civil judgment.
2.   Docket the civil judgment with the state so that it becomes a lien against real property.
3.   Satisfy the court that the judgment cannot be satisfied through personal property.  As an aside, bankruptcy cases are particularly useful in these circumstances because they are concrete proof that there is no personal property available to satisfy the judgment.
4.   Make a motion pursuant to Rule 4:59-1(d)(1) for permission to execute against the real property.
5.   If that motion is successful, obtain an order permitting execution and obtain a writ of execution to proceed with the sheriff's sale.

I have used this process successfully in a number of cases, and I would estimate I have obtained possibly 10-15 titles for various condominium associations, including Brighton Towers Condominium Association, Fox Run Condominium Association, Marina Club Condominium Association, and Skyline Condominium Association.  I know of at least one other major condominium collection firm, McGovern Legal Services, that uses the process

William Rubley, Esq.
January 25, 2017
Page 2

extensively.  This will be among the defenses which I provide if this matter proceeds further.

Apparently, you were offended by my comments in my earlier letters, since you have brought them up several times in this proceeding.  My apology was sincere at that time, and I renew the apology once again.  I do not maintain files on individual collection cases, and quite frankly, did not remember any of that correspondence.  Your implication that this new action was taken deliberately despite the earlier correspondence is completely off base.  If you make even the slightest inquiries I believe you will find that I have always strived to be fair and reasonable with all parties and attorneys with whom I have dealt.  I am at a loss to understand this vendetta you seem to be carrying on against me.

Very truly yours,

Callaghan, Thompson & Thompson, P.A.

By: _____
William A. Thompson, III

WAT/sgt