# CALLAGHAN THOMPSON & THOMPSON, P.A.

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
2428 ATLANTIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
(609) 348-5300
FACSIMILE (609) 345-5989

BRIAN J. CALLAGHAN
EDWARD M. THOMPSON
WILLIAM A. THOMPSON, III

April 20, 2017

**FILED**
JEANNE A. NAUGHTON, CLERK
APR 24 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

Hon. Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, NJ 08101-2067

**Reference:    Haque v. Skyline**
**Adversary No. 17-01117-aba**

Dear Judge Altenburg:

    Please accept this letter brief in lieu of a more formal filing in opposition to plaintiff's motion to disqualify William A. Thompson, III and Callaghan, Thompson and Thompson from representing defendants Skyline Condominium Association and Thompson Realty Company. As noted in the moving papers, courts have consistently recognized that litigants have the right to select and be represented by counsel of their choice. In this case, Skyline Condominium Association and Thompson Realty Company have chosen William A. Thompson, III to represent them, and they wish that representation to continue. They have been alerted of a potential conflict, although it is the position of these parties that a conflict does not exist as will be discussed below, and they have signed written waivers of any conflict. Therefore, both Skyline Condominium Association and Thompson Realty Company respectfully request that the motion be denied. The basis of the motion is apparently twofold; a claimed conflict of interest and disqualification because William A. Thompson, III may be a witness at the adversary trial. These positions will be addressed separately.

    A review of the underlying complaint indicates that the basis of the complaint, as Mr. Rubley has consistently repeated throughout all of his documents, is the filing of two State Court actions by William A. Thompson, III of the firm Callaghan, Thompson and Thompson. In their answers filed with this court both defendants, Skyline Condominium Association and Thompson Realty, consistent with the Rules of Professional Conduct, have indicated that they do not direct or control the attorney's actions in filing legal documents. This would include what fees and charges to include or not to include in any filing. Therefore, rather than a conflict, in fact the interests of all three parties, Thompson Realty, Skyline Condominium Association, and William A. Thompson, III are, in fact, in agreement. Based upon those positions, Skyline and Thompson Realty are entitled to have counsel of their own choosing represent them in defending against actions that they did not bring or control.

Hon. Andrew B. Altenburg, Jr.
April 20, 2017
Page 2

    Mr. Rubley's citation of the recent case of <u>In Re Roper and Twardowsky, LLC,</u> 2017 WL 746213(Bankr.D.N.J. February 24, 2017) is not only inappropriate, but offensive.  This case does not even approach the level of the case cited, in which the attorneys were principals of the debtor, creditors of the debtor, and also defendants in a fraudulent transfer action.  This matter is exceedingly simply; Thompson and Skyline were represented by a firm which took an action that is now being claimed to be a violation of the Bankruptcy Court discharge order.  Thompson Realty and Skyline are entitled to be defended by the same attorney who allegedly took the actions that are the subject of the complaint.  There is no conflict of interest, real or imagined, and no basis for disqualification.

    Plaintiff is also claiming that there is a conflict because William A. Thompson, III may possibly be a witness at the adversary trial.  This is especially troubling because it now appears for the first time that Mr. Rubley plans to attempt to use a letter that I was directed to send to Mr. Rubley as part of settlement negotiations as some type of pattern of conduct, in violation of Bankruptcy Rules.  The sole purpose of the letter was to advise Mr. Rubley of the nature of the proceeding filed against Ms. Haque, as Your Honor requested me to do.  Testimony as to that letter should be inadmissible in any event, but with regards to this motion, any testimony with regard to that letter or any other testimony on behalf of William A. Thompson, III does not impact the case of Thompson Realty Company or Skyline Condominium Association in any way.  The only testimony impacting these defendants can be given by way of stipulation, which would be whether or not either defendant exercise direction or control over the legal filings of Callaghan, Thompson and Thompson, or William A. Thompson, III.  This essentially makes the testimony regarding these two defendants an uncontested matter since both sides will agree as to the contents of that testimony.  As stated, it can in fact be submitted by way of stipulation.  There is, therefore, no basis to deprive Skyline Condominium Association and Thompson Realty of their chosen counsel simply because he may be required to testify on other aspects of the adversary proceeding.

    In conclusion, there is no basis either from a potential conflict of interest or from a potential witness standpoint that would require disqualification of William A. Thompson, III or Callaghan, Thompson and Thompson from defending Skyline Condominium Association and Thompson Realty Company against these charges.  The Court must ask why, in fact, Mr. Rubley is even bringing this Disqualification Motion.  He is certainly not acting in the interests

Hon. Andrew B. Altenburg, Jr.
April 20, 2017
Page 2

of Skyline Condominium Association or Thompson Realty Company by attempting to deprive them of counsel of their choosing. One can only speculate as to the actual reason for the filing of this action. In any event, there is no basis for the disqualification, and we respectfully request that the motion be denied.

Respectfully submitted,

William A. Thompson, III

WAT/sgt